# WHEELING.

## JANESVILLE HAY TOOL CO. v. BOYD.

Submitted June 5, 1891.—Decided June 18, 1891.

1. DEEDS—JURISDICTION—RECORDING—COUNTY CLERK.
   : A court of equity has jurisdiction to pass upon the validity and regularity of the record of a deed in the office of the clerk of the County Court in cases where the jurisdiction of the court has attached upon independent and equitable grounds.

2. DEEDS—ACKNOWLEDGMENTS—COUNTY CLERK—DEED.
   The clerk of a County Court has power to take the acknowledgment of the parties signing a deed, within his county, elsewhere than in his office.

3. DEEDS—RECORDING.

 Our recording statutes are remedial, and should be construed to advance the remedy, rather than to invalidate a record upon narrow and technical grounds.

4. DEEDS—RECORDING—COUNTY CLERK.

 All the provisions of the Code and general acts prescribing the duties and powers of the clerks of County Courts in this State as to recording and preservation of deeds are applicable to the clerk of the County Court of Ohio county.

*White & Allen* and *W. P. Hubbard* for appellants, cited Rollins *v.* Menager, 22 W. Va.; McMillen *v.* Eagan, 21 W. Va.; 14 Gratt. 513 ; Henderson *v.* Smith 26 W. Va.; Harkins *v.* Forsyth, 2 Leigh ; 29 W. Va. 1 ; People *v.* Snyder, 21 N. Y.; 15 Mass. 572; 6 Minn. 25 ; 33 Ia. 130; 24 Wend. 9 ; 1 Johns. 498 ; 1 Cow. 278 ; 90 N. Y. 629 ; 32 N. Y. 137; 4 N. Y. 568 ; 19 Hun 67 ; 43 Mich. 219 ; 28 Mich. 488 ; Carpenter *v.* Dexter, 8 Wall.; Bradley *v.* West, 60 Mo.; 21 W. Va. 687 ; Hainston *v.* Randolph, 12 Leigh.; 75 Va. 60 ; 22 W. Va. 470 ; 5 Gratt. 230; 26 W. Va. 816; 1 Am. & Eng. Ency. 147 ; Const. Art. VIII.; Code, 764; Id. 761; 2 Gratt. 492 ; Acts 1863, c. 1 ; Acts 1882, c. 149 ; Acts 1883, c. 13 ; Code (1884) c. 137, s. 7.

*A. J. Clarke* and *J. J. Jacob* for appellees, cited 22 W. Va. 469 ; 21 W. Va. 233 ; 75 Va. 594; 12 Leigh. 459 ; 11 Leigh. 294; 5 Gratt. 212 ; 26 W. Va. 829 ; 12 Gratt. 286 ; 14 Gratt. 515; 2 Gratt. 471; 41 N. Y. 397 ; 8 Wall 513 ; 60 Mo. 33, 39, 40 ; Code (1868) c. 73, s. 2 ; Acts 1875, c. 67, s. 2 ; Acts 1882, c. 149, s. 2.

LUCAS, PRESIDENT :

The appellants instituted this suit for the purpose of enforcing certain judgments against the real estate of S. E. Boyd, one of the appellees. As incidental to this relief, they set out that said Boyd gave a deed of trust upon all of her real estate to one J. B. Sommerville as trustee, dated the 3rd day of December, 1888. An office copy of the deed is filed as an exhibit with the bill, and the acknowledgment and certificate of registration as indorsed upon the deed are set out in full as follows :

 "State of West Virginia, county of Ohio, to wit: I,

George Hook, clerk of the County Court of said county, do hereby certify that S. E. Boyd, whose name is signed to the writing hereto annexed, bearing date the 3rd day of December, 1888, has this day acknowledged the same before me in my said county. Given under my hand this 3rd day of December, 1888. GEORGE HOOK, Clerk." "West Virginia, Ohio county, ss: I, George Hook, clerk of the County Court of said county, do certify that the foregoing (or annexed) writing, bearing date the 3rd day of December, 1888, with the certificate of acknowledgment thereto annexed, was presented for, and by me admitted to, record in my office, as to the party therein named, this 4th day of December, 1888, at 9:20 A. M. Teste: GEORGE HOOK, Clerk."

It is charged that this certificate, as a record, is defective in not showing that the acknowledgment was taken by the clerk of the County Court in his office. They further charge that the acknowledgment was not taken, as a matter of fact, in his office but was taken elsewhere in the body of the county. The registration being thus, as they charge, invalid, the deed itself is to be treated as void as to their judgments which have been duly placed upon the judgment-lien docket. The plaintiffs pray that said deed of trust may be set aside, so far as their judgments are concerned, and that the real and personal estate of said S. E. Boyd and the proceeds thereof be subjected and applied to the payment of their judgments according to their respective priorities.

To this bill there was no answer filed, but Mary E. Boyd and others demurred to so much of the bill as set out the defects in the registration of the deed and the prayer that priority be given over the debts therein secured to the plaintiffs' judgments.

Upon this state of the pleadings, on the 3rd of April, 1890, the court entered a decree sustaining the demurrer, and dismissing the bill, and awarding costs to the defendants.

The first question which confronts us in this case is the question of jurisdiction. We have here an independent and original ground of equitable jurisdiction, the suit having been instituted to enforce the liens of sundry judgments against real estate. The bill is in fact in the nature of a

creditors' bill, and the attack upon the validity of the deed in question, though made directly, and not collaterally, is an incident to the main object of the suit. In such a suit one creditor may assail the validity of a judgment claimed by a creditor of a prior class, and seek to set it aside.

This is as far as we need to go upon the subject of jurisdiction in the present case. Were there no such ground of original equitable jurisdiction, it would be necessary to consider whether, under our comprehensive acts defining the functions of prohibition and *certiorari*, the remedy at law might not be considered complete and adequate, and the court of equity might not be compelled to decline to interfere; for, as the Court said in *Carper* v. *McDowell*, "if there was a want of authority in the officer to take the acknowledgment out of his office, how can that give jurisdiction to a court of equity over the subject?" 5 Gratt. 236. But in the present case this difficulty is eliminated by the fact that we here find an original and independent ground of chancery jurisdiction. The material question to be decided is whether the clerk could take the acknowledgment within his county elsewhere than in his office. If he could, there will exist in this case no variance between the actual facts and the certificate, and hence no ground to interpose the doctrine of estoppel as against parol testimony. It is even doubtful whether an estoppel is not waived by the form of the demurrer to the bill, as in general an estoppel must be pleaded. Herm. Estop. §§ 581, 582.

We come then to discuss the material question in the case as stated above. Chapter 73 of the Code, which treats of "the Authentication and Record of Deeds," provides as follows:

"(2.) The clerk of the County Court of any county in which any deed, contract, power of attorney, or other writing is to be, or may be, recorded, shall admit the same to record in his office, as to any person whose name is signed thereto, when it shall have been acknowledged by him, or proved by two witnesses as to him, before such clerk of the County Court. (3.) Such clerk of the County Court shall also admit any writing to record, as to any person whose name is signed thereto, upon the request of any person in-

terested therein, upon a certificate of his acknowledgment
before a justice, notary public, recorder, prothonotary, or
clerk of any court within the United States, or a commis-
sioner appointed within the same by the governor of this
State, written or annexed to the same, to the following
effect."

Here follows a form of acknowledgment substantially the
same as that attached to the deed we are now considering.
See Code, p. 627.

Both of these sections would seem to authorize a clerk of
a County Court to take the acknowledgment of any one
signing a deed. Section 2 says he shall admit to record
when it has been acknowledged before him; and section 3
provides, in general terms, that the clerk of any court in the
United States may certify the acknowledgment. No good
reason can be assigned why this language (which is suffi-
ciently comprehensive to embrace any clerk of a county
court in West Virginia) should be given a forced and nar-
row construction for the purpose of excluding the clerk of
that County Court whose duty it is to receive and record the
deed. On the contrary, we should say that the recording
statutes are remedial, and should be construed to advance
the remedy rather than to invalidate a record upon narrow
and technical grounds. The second section, as it stood in
the Code of Virginia of 1849 and 1860, did distinctly pro-
vide that the acknowledgment or proof, if taken by the
county clerk, should be so taken "in his office." The pro-
vision was as follows: "The clerk of any such court, in
his office, shall admit to record any such writing as to any
person whose name is signed thereto, when it shall have
been acknowledged by him or proved by two witnesses as
to him in such court or before such clerk in his office."
Code 1849, c. 121. By comparing this section with our
own act, above quoted, which was passed (re-enacted)
March 27, 1882, it will be found that we have stricken out
the concluding words, "in his office," thus leaving us to
infer by an irresistible inference that the legislature in-
tended to abolish the restriction, and to clothe the clerk
with power to hear proof and take acknowledgment, under
this section, anywhere within the limits of the county

which bounds his territorial jurisdiction, for which he was elected.

But it is urged that our act, as above quoted, does not apply to Ohio county, for the supposed reason that it has now, strictly speaking, no County Court, that institution having been abolished, as it is argued, by the amendment to the eighth article of the constitution, adopted in 1880. Conceding this to be true, Ohio county has nevertheless a clerk of the County Court, recognized as such by said amendment, and his duties defined generally by the twenty sixth section thereof, as follows: "The voters of each county shall elect a clerk of the County Court, whose term of office shall be six years. His duties and compensation and the manner of his removal shall be prescribed by law." Const. W. Va. Art. VIII, § 26; Code p. 37. The voters of Ohio county have elected a clerk under this provision, and all the general acts prescribing the duties and powers of clerks of County Courts apply as much to the county clerk of Ohio as to any other county. Consequently the Acts of 1882 c. 149, ss 2, 3, define his powers and duties as to recording and taking acknowledgment of deeds and other papers.

This view is not weakened, but confirmed, by a consideration of our legislation especially applicable to Ohio and other counties, which had availed themselves of the thirty fourth section of the eighth article of the constitution of 1872 to establish separate tribunals for judicial and probate matters, and for the police and fiscal affairs of the county. Ohio county had established by the act of December 1, 1872, for judicial and probate purposes, a County Court with a single judge, and a county clerk, upon whom devolved the duties pertaining to the county clerk in other counties except as to police and fiscal matters. The County Court thus established and its clerks were, of course, embraced in subsequent legislation, so far as such legislation was applicable. By an act passed December 21, 1875, the seventy third chapter of the Code was amended and re-enacted, and we find embraced therein the second section precisely in the language of the same section in our present Code, passed and re-enacted in 1882; while the third section conferred specifically upon the clerk of a County Court

the power to take acknowledgments. It follows, therefore, that when the amendment to the constitution was enacted in 1880 there had been conferred by the act of 1875 on the clerk of the County Court of Ohio county power to take acknowledgments out of his office and within his county. Neither the amendment to the constitution of 1880, nor the subsequent act of the legislature, "Concerning County Courts and their Jurisdiction and Power" (see Acts 1881, c. 5) did in the slightest degree curtail the power of the clerk of the County Court of Ohio county with respect to the recording of deeds, but confirmed such as he already possessed, and superadded thereto all the probate jurisdiction which had theretofore pertained to the court itself. The act of February 11, 1881, provided in its ninth section as follows:

"And until otherwise provided by law such clerk as is mentioned in thirty sixth section of the eighth article of the constitution, as amended, shall exercise any powers and discharge any duties heretofore conferred on, or required of any court or tribunal established for judicial purposes, under the said article and section of the constitution of 1872, or the clerk of such court or tribunal, respectively, respecting the recording and preservation of deeds and other papers presented for record." This is almost the exact language of the amendment to the constitution itself, and it is quite obvious that it was the intention to preserve to the clerk of the County Court of Ohio county (and other counties similarly situated) all of the powers pertaining to the recording of deeds which they then already possessed. And, as the power to take acknowledgments in the manner prescribed by section 2 already belonged to the clerk of the County Court of Ohio county, nothing but the most narrow and illiberal construction of the language of the constitutional amendment could deprive him thereof. As we have seen, such a construction ought not to be resorted to; and in this case it will not be resorted to.

For these reasons we find no error in the action of the Circuit Court in sustaining the demurrer to the bill.

As the demurrer did not extend to the whole bill, but only to so much thereof as related to the registration of

this deed, and the prayer to set it aside, it would under ordinary circumstances have been error to dismiss the bill. As the plaintiffs were obviously entitled to have their debts audited and paid out of any surplus which might remain after discharging the prior liens, their bill should not have been dismissed.

The decree complained of, therefore, so far as it sustained the demurrer to that charge in the bill, whereby it was sought to set aside the deed to J. B. Sommerville, trustee, and awarded to S. E. Boyd her costs, must be affirmed; also so much as orders a sale, being based on consent and agreement; but for the error of dismissing the plaintiff's bill it must be reversed, and the cause remanded to the Circuit Court, to be there proceeded in according to the principles set out in this opinion, and further in accordance with the principles of courts of equity. The appellees having substantially prevailed in this appeal, it is ordered that their costs in this Court be recovered by them against the appellants.

CONFIRMED IN PART.    REVERSED IN PART.    REMANDED.